UNITED STATES DISTRICT COURT           O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **GRELVIN SABORIO** | § | |
| *Petitioner,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. L-08-134** |
| | § | **CRIMINAL ACTION NO. L-07-787** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| *Respondent.* | | |

## OPINION AND ORDER

Pending before the Court is Grelvin Saborio's ("Saborio") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. §2255, [Dkt. No. 1],[1] which the Court deems filed on September 28, 2008.[2]  For the reasons stated herein, the Court **ORDERS** that an evidentiary hearing be held.

### I.     JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §2255.  Saborio's motion is timely because it was filed within one year of the date on which his judgment of conviction became final.  *See* 28 U.S.C. §2255(f)(1) (2006).

### II.     FACTS AND PROCEEDINGS

On May 14, 2007, the United States Government filed a complaint against Saborio for knowingly and unlawfully possessing with the intent to distribute a Schedule II controlled

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in case number 5:08-cv-134.  Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:07-cr-787.

[2] Although the clerk received Saborio's motion on October 7, 2008, it is dated September 28, 2008.  Thus, September 28, 2008 is the earliest date it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under *Houston v. Lack*, 487 U.S. 266, 276 (1988).  *See United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992).  The Court deems the petition filed as of the earlier date.

substance.  [Cr. Dkt. No. 1].  That same day, Saborio appeared before Magistrate Judge Adriana Arce-Flores for his initial appearance.  At this hearing, Defendant requested that counsel be appointed.  [Cr. Dkt. No. 2; Minute Entry of 5/14/2007].  Magistrate Judge Arce-Flores then asked, "Did you fill out the financial affidavit truthfully and honesty?  And, is that your signature on that affidavit, sir?"  Saborio replied, "Yes."  [Digital Recording of May 14, 2007, Initial Appearance ("Init. Appear. Rec.")].  Based on Saborio's financial affidavit, [Cr. Dkt. No. 3], and testimony, Magistrate Judge Arce-Flores appointed the Federal Public Defender to represent Saborio.  [Cr. Dkt. No. 4].  On May 18, 2007, Santos Maldonado, Jr. filed a Motion to Withdraw and Substitution of Counsel on behalf of Saborio.  The motion was electronically signed by Santos Maldonado, Jr. and Grevin Saborio [sic],[3] and Daniel Ramirez on behalf of Cristina Arrellano Villareal at the U.S. Public Defender's Office.  [Cr. Dkt. No. 7, 8].  On May 21, 2007, Magistrate Judge Arce-Flores granted the motion.  [Cr. Dkt. No. 9].

On June 5, 2007, a federal grand jury in Laredo, Texas indicted Saborio in criminal case number 5:07-cr-787 of (1) conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, 841(a)(1) and 841(b)(1)(A); and (2) possession with intent to distribute in excess of five kilograms of cocaine in violation of Title 21, United States Code, Section 841(a)(1), 941(b)(1)(A), and Title 18, United States Code, Section 2.  [Cr. Dkt. No. 12].

At his re-arraignment on July 10, 2007, Saborio pled guilty to Count II of the indictment, the possession count, before Magistrate Judge Adriana Arce-Flores pursuant to a plea agreement. [Minute Entry of 7/10/2007; Cr. Dkt. No. 17].  Magistrate Judge Arce-Flores recommended that Saborio's guilty plea be accepted by the district court.  [Cr. Dkt. No. 19].  The Court accepted

---

[3] In his §2255 motion, movant spells his name Grelvin Saborio.  [Dkt. No. 1].  In the Motion to Withdraw and Substitution of Counsel, movant's name is signed as "Grevin Saborio."  [Cr. Dkt. No. 7 at 2; Cr. Dkt. No. 8 at 2].

Saborio's guilty plea on July 24, 2007. [Cr. Dkt. No. 20]. Santos Maldonado, Jr. represented Saborio at his re-arraignment and sentencing hearing.

On October 1, 2007, Saborio appeared before this Court for sentencing. At the sentencing hearing, the Court heard arguments concerning Defendant's objections to the Presentence Report, specifically no recommendation for a role adjustment or safety valve adjustment under United States Sentencing Guidelines §3B1.2 and §5C1.2 respectively. [Cr. Dkt. No. 22]. The Court then sentenced Saborio to a term of 120 months imprisonment, five years supervised release, 100 hours on community service, and a $100 special assessment fee. [Minute Entry of 10/1/2007]. Judgment was entered on October 5, 2007. [Cr. Dkt. No. 27].

### B. The Current Petition

On September 28, 2008, Saborio filed the §2255 Motion now before the Court. [Dkt. No. 1]. Saborio contends that he received ineffective assistance of counsel regarding his sentencing. Saborio asserts that "[t]he principle of the conspiracy of which defendant was a part conditioned legal representation and the safety of defendant's family upon the silence of the defendant." [*Id.* at 2]. Specifically, Saborio states that "if the defense counsel had not conditioned representation and the safety of defendant's family upon defendant's silence during the subject proceedings, defendant would have co-operated with the Office of the United States Attorney . . ." [*Id.* at 3]. He would have provided information on the subject drug conspiracy including the identity of participants, amount of drugs involved, and related financial transactions. [*Id.*]. Saborio then alleges that he possibly would "have been allowed a 5k1 departure, safety valve consideration or at the very least a proper reporting in the Presentence Investigation Report of all the defendant's 3553(a) factors." [*Id.*].

### III.    LEGAL STANDARDS

#### A.    Legal Standard under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).   Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

If the movant raises a proper claim under one of these four categories, the Court must grant a hearing unless the record conclusively shows that no relief will be accorded.  28 U.S.C. § 2255(b);[4] *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (noting a § 2255 motion "can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief . . . .").  To determine whether to grant a hearing, the Court must analyze whether the record conclusively negates the factual assertions the movant makes in support of his motion for post-conviction relief.  If the record does not conclusively negate the factual assertions made in movant's motion, the Court then must determine whether the movant would be entitled to relief if the factual allegations the movant makes are true.

---

[4] Section 2255(b), of Title 28 of the United States Code in pertinent part provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

*Id.*

*Friedman v. United States*, 588 F.2d 1010, 1014-1015 (5th Cir. 1979); *see also United States v. Ochoa*, 127 F.3d 34, 1997 WL 589346 at *2 (5th Cir. Sept. 9, 1997) (*per curiam*) (unpublished) (summarizing the two-step *Friedman* analysis); *United States v. Alanis*, 88 Fed. App'x 15, 19 (5th Cir. Feb. 10, 2004) (same).  If the Court resolves these two prongs in favor of the movant, "§2255 requires [the Court] to conduct an evidentiary hearing on those factual allegations." *Friedman*, 588 F.2d at 1015.

### B.    Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Moreover, "the right to counsel is the right to effective assistance of counsel." *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  In order to merit post-conviction relief due to ineffective assistance of counsel, Saborio must demonstrate that (1) counsel's performance was deficient and (2) that he suffered prejudice as a result. *Id.* at 687; *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied* 513 U.S. 960 (1994) (summarizing the *Strickland* standard of review).

## IV.  DISCUSSION

Saborio has alleged ineffective assistance of counsel, a wrong of constitutional proportion, which is proper in a motion under 28 U.S.C. § 2255.  Specifically, Saborio avers that "[t]he principle of the conspiracy of which defendant was a part conditioned legal representation and the safety of defendant's family upon the silence of the defendant."  [Dkt. No. 1 at 2]. Saborio further avers that his retained counsel "conditioned representation and the safety of defendant's family upon defendant's silence during the subject proceedings."  [*Id.* at 3].  As a result, Saborio states that he "was unable to review the Presentence Investigation Report, fully

co-operate with the Office of the United States Attorney and was coerced into silence at defendant's sentencing hearing." [*Id.* at 2].

This Court does not take such serious allegations as these raised by Saborio lightly. The Court has gone back and thoroughly examined the record. Based on this thorough review, the Court finds that the record does not conclusively negate the assertions raised by Saborio in his motion as required under Fifth Circuit precedent. *See Friedman*, 588 F.2d at 1014-15; *see also Bartholomew*, 974 F.2d at 41. In addition to the seriousness of the allegations that Saborio raises, the Court has two other main concerns in its review of the record. First, Saborio at his initial appearance requested that counsel be appointed because he could not afford an attorney. [Init. Appear. Rec.]. Based on his financial affidavit [Cr. Dkt. No. 3] and testimony at his initial appearance, Magistrate Judge Arce-Flores appointed the Federal Public Defender. [Init. Appear. Rec.; Cr. Dkt. No. 4]. Four days later, Maldonado filed a Motion to Withdraw and Substitution of Counsel on behalf of Saborio. [Cr. Dkt. No. 7, 8]. This Motion only contained the electronic signature of Saborio.[5] [*Id.*]. It did not contain his actual signature as required under Local Administrative Rule 8(c)(2). This administrative rule states that "a document containing the signature of a defendant in a criminal case must be filed in an imaged format that contains an image of the defendant's signature." S.D. TEX. ADMINISTRATIVE PROCEDURES FOR ELECTRONIC FILING IN CIVIL AND CRIMINAL CASES RULE 8(c)(2) (Jan. 1, 2007). Therefore, the Court cannot be sure that Saborio agreed to the change of counsel.

Secondly, the Court is troubled by Saborio's Rule 11 hearing to ensure that his plea agreement and waiver of his constitutional rights was made voluntarily, knowingly, and intelligently. *United States v. Ruiz*, 536 U.S. 622, 628-29 (2002) (citations omitted) (noting that

---

[5] The Motion to Withdraw and Substitution of Counsel also contained the electronic signature of Santos Maldonado, Jr. and Daniel Ramirez for Cristina Arrellano Villarreal. [Cr. Dkt. No. 7, 8].

because a plea relinquishes rights of the defendant, "the Constitution insists . . . that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers knowing[ly], intelligent[ly] . . .); *United States v. Amaya*, 111 F.3d 386, 389 (noting that a plea induced by deception, improper promises, threats or misrepresentations is not voluntary). Federal Rule of Criminal Procedure 11 provides procedural safeguards for assuring that a defendant enters a guilty plea voluntarily and knowingly. *United States v. Vonn*, 535 U.S. 55, 62 (2002). Beyond requiring the Court to address the defendant to ensure that the defendant understands the charge and penalties to which he is pleading, the Court "must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises . . . ." FED. R. CRIM. P. 11(b)(2); *see also* 18 U.S.C. § 3553(a) (2006). Indeed, the absence of coercion is one of the "core concerns" for the Court. *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (citations omitted). At Saborio's Rule 11 hearing, Magistrate Judge Arce-Flores, however, failed to ask whether anyone had threatened, coerced or forced Saborio to enter a plea of guilty.[6] Although the failure to ask the question is not dispositive, n light of the serious allegations that Saborio has raised, the failure to assure that Saborio entered his plea free of force, threats, or promises concerns the court.

Based on the seriousness of the allegations averred, the failure of Saborio's counsel to have movant personally sign the Motion to Withdraw and Substitution of Counsel as required by local rules, and the failure to ensure that movant was not threatened or coerced, the Court believes that the record does not conclusively negate all claims for relief. The Court next turns

---

[6] It should be noted that subsection (h) of Rule 11 provides, "A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." *See* FED. R. CRIM. P. 11(h); Advisory Comm. Note, 1983 Amendments; *see also Vonn*, 535 U.S. at 66-71. In light of Rule 11(h), the Supreme Court has recognized that a "defendant will rarely, if ever, be able to obtain relief for Rule 11 violations under §2255." *United States v. Dominguez-Benitez*, 542 U.S. 74, 89 n.9 (2004). The Supreme Court has also stated that "collateral relief [under §2255] is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *United States v. Timmreck*, 441 U.S. 780, 784 (1979). Thus, the Court will not pass judgment on whether or not this Rule 11 variance was harmless error at this time. Indeed, the movant does not raise this claim in his §2255 motion.

to the second prong of the *Friedman* analysis--whether the movant would be entitled to relief if the factual allegations the movant makes are true.  *Friedman*, 588 F.2d at 1015.  While the Court reaches no conclusion as to Saborio's assertions of ineffective assistance of counsel, there is a possibility that Saborio would be entitled to relief if his assertions are true.  Thus, Saborio has met the two prongs of the *Friedman* analysis.  *See id.*

## V.  CONCLUSION

Upon reviewing Saborio's petition, the Court believes that an evidentiary hearing is required.  Accordingly, the United States Marshal is **ORDERED** to produce before the Court Petitioner Grelvin Saborio, prisoner number 79533-179, on February 5, 2009 at 9:00 a.m.  It is further **ORDERED** that the following parties appear on the same date and time for a hearing on Saborio's cause: (1) Assistant United States Attorney Brian Sardelli; (2) Attorney Santos Maldonado, Jr.; and (3) Jeffrey Czar (appointed counsel for Saborio).  The Clerk of the Court shall serve a copy of this Order on the Government.  The Government may file a response within thirty (30) days from the date of this Order but is not required to do so.

IT IS SO ORDERED.

DONE this 13th day of November 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE